IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
99 JUN 30 PM 2:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 3 0 1999

| | |
|---|---|
| PRICILLA TOWNSEND, )<br>)<br>    Plaintiff/Counterclaim Defendant, )<br>)<br>vs. )<br>)<br>HARTFORD LIFE INSURANCE )<br>)<br>    Defendant/Counterclaim Plaintiff, )<br>)<br>vs. )<br>)<br>SINGER ASSET FINANCE CO., L.L.C., )<br>)<br>    Counterclaim Defendant/<br>    Cross-Claim Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD INSURANCE COMPANY )<br>OF THE MIDWEST, )<br>)<br>    Defendant/Cross-Claim<br>    Defendant. ) | CIVIL ACTION NUMBER<br><br>97-C-3232-W |

**MEMORANDUM OF OPINION**

The pivotal issue here relates to the assignability vel non of the proceeds of a structured settlement. Based on the undisputed facts, the court concludes, as a matter of law, that they are not assignable. Therefore, the summary judgment motions of defendants Hartford Insurance Company of the Midwest ("Hartford Midwest") and Hartford Life Insurance Company ("Hartford Life") are due to be granted.

85

I

In 1995, an employee of defendant Hartford Midwest sexually assaulted the plaintiff Priscilla Townsend when he came to her home in Tuscaloosa, Alabama to service a washer and dryer. Predictable litigation ensued. Two years later, the plaintiff entered into a Release and Settlement Agreement with Hartford Midwest, under which she received a lump sum payment of $125,000 and future equal monthly payments of $915.62 for 20 years. The lump-sum proceeds were paid over by the plaintiff to her attorneys.

> The Settlement Agreement provides, among other things, that
>
> . . .
>
> (10) The aforesaid payments shall <u>not</u> be subject to <u>assignment</u>, transfer or encumbrance <u>except as provided herein</u>. Releasor(s) expressly understand and agree that the payments provided for herein are fixed and . . . that such payments cannot be accelerated, deferred, increased or decreased by Releasors or any recipient of such payments under any circumstances, and that Releasors and any recipient of such payments are granted no rights against Releasee(s) which are greater than those of a general creditor. . . .
>
> . . .
>
> (13) This <u>RELEASE AND SETTLEMENT AGREEMENT</u> contains the entire agreement between the parties with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, heirs, successors and <u>assigns of each</u>.
>
> (14) This <u>AGREEMENT</u> shall be construed and interpreted in accordance with the laws of the State of Connecticut.

(Plaintiff's Evidentiary Submission (PES), Exhibit 1. (emphasis added)).

To fund its obligations under the Settlement Agreement, Hartford Midwest purchased an annuity from Hartford Life. The Settlement Agreement obligates the plaintiff to provide her mailing address to Hartford Life, so that the payments may be sent directly to her.

In June 1997, the plaintiff sold to Singer Asset Finance Company, L.L.C. ("Singer") for a lump sum payment of $31,217, her right to receive 10 years of the monthly Hartford Life annuity payments. The rider to the sales agreement between the plaintiff and Singer provides that the plaintiff is not liable "if any party...challenges or fails to recognize the assignment effected hereby by reason of the existence of any provision in the Release purporting to prohibit or restrict assignment...." (PES, Ex. 9.)

The plaintiff thereafter notified Hartford Life that she wished to change her address for receipt of the annuity payments. She indicated that the payments should either be mailed or wired to an account at a New York bank. By separate notice, Singer advised Hartford Life that the plaintiff had assigned to it her right to receive 120 annuity payments.

Hartford Life balked at changing the address. This lawsuit followed, in which the plaintiff and Singer seek a declaratory judgment that Hartford Life is required to honor the plaintiff's address and beneficiary changes.

II

The Court concludes that the anti-assignment provision (Paragraph 10) is clear and unambiguous. The "except as provided herein" clause of Paragraph 10 obviously refers to Paragraph 3 of the Settlement Agreement, which provides that in the event of the death of the plaintiff, the

monthly payments shall be made to her estate. Nothing in the Settlement Agreement precludes Hartford Life from assigning its obligation. The reference to "assigns" in Paragraph 13 merely clarifies that in the event that the plaintiff dies within the 20 year period, or Hartford assigns its obligations to another entity, the provisions of the Agreement are binding both on the plaintiff's estate and Hartford's assigns. The plaintiff's contention that the language of the merger provision nullifies the specific anti-assignment provision is legally unsupported.

Further, the Court concludes that the anti-assignment provision is enforceable under Connecticut law. See Lewin & Sons, Inc. v. Herman, 120 A.2d 423, 425 (Conn. 1956); Delacroix v. Lubin Graphics, Inc., 993 F. Supp. 74, 81-82 (D. Conn. 1997).

By separate order, the Hartford defendants' Motion For Summary Judgment will be granted, and Singer and the plaintiff's Motion For Summary Judgment will be denied.

DONE this 30th day of June, 1999.

*[signature]*
UNITED STATES DISTRICT JUDGE
U. W. CLEMON